Lauren M. Hausman, (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd.
Suite 232
Beverly Hills, CA 90211
T: (877)-437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
TIM LAMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM LAMAN<br><br>　　　Plaintiff,<br><br>V.<br><br>SAFARIKA TRAVEL, INC.,<br><br>　　　Defendant. | Civil Action No. 5:23-cv-05985-EJD<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S CASE MANAGEMENT SUBMISSION AND ANSWER** |

Plaintiff Tim Laman ("Plaintiff") hereby files this motion to strike defendant Safarika Travel, Inc.'s ("Defendant") Case Management Submission [D.E. 15] and Answer and Affirmative Defenses [D.E. 17] and states as follows:

1

1. On November 20, 2023, Plaintiff filed his Complaint. See D.E. 1.

2. On October 13, 2023, the Court issued the summons as to Defendant. See D.E. 6.

3. Defendant's Answer was due December 26, 2023. See D.E. 7.

4. On February 29, 2024, undersigned counsel and Karina Safari (the owner and registered agent of Defendant) appeared telephonically for a status conference.

5. At the status conference, undersigned counsel informed the Court that the parties had agreed to provide Defendant with an extension of time to file its Answer.

6. On April 19, 2024, Plaintiff filed the request for extension of time for Defendant to Answer on the docket. See D.E. 13.

7. On April 19, 2024, the Court entered an Order extending *nunc pro tunc* Defendant's deadline to respond to Complaint, contnuing the status conference and other related deadlines, and staying deadlines (the "Order"). See D.E. 14.

8. In the Order, the Court set Defendant's deadline to file a response to Plaintiff's Complaint for May 20, 2024.

9. On May 2, 2024, Defendant filed a Case Management Submission. See D.E. 15.

10. On May 2, 2024, Defendant also filed an improper *pro se* Answer. See D.E. 17.

11. As the Court knows, federal law requires a corporate entity to be represented by counsel. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries… that a corporation may appear in the federal courts only through licensed counsel."); Rush v. Hyun Suk Kim, No. SACV 12-00400-CJC (RNBx), 2013 U.S. Dist. LEXIS 203138 (C.D. Cal. Jan. 2, 2013) ("As Luna is a corporate entity, it cannot appear pro se, but must be represented by counsel."); Multi-Denominational Ministry of Cannabis & Rastafari, Inc. v. Holder, 365 F. App'x 817, 819 (9th Cir. 2010) ("The law is clear that incorporated entities must be represented by counsel in court."); Licht v. American West Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations . . . must appear in court through an attorney.")

12. The Answer is signed by Karina Safari. Ms. Safari is not an attorney licensed to practice law in the State of California, the United States District Court for the Northern District of California, or any other jurisdiction. As a result, she cannot as a matter of law represent Defendant in this lawsuit.

13. Accordingly, both the Case Management Submission [D.E. 15] and Answer and Affirmative Defenses [D.E. 17] are improper *pro se* filings.

14. Before filing this Motion, undersigned counsel was unable to confer with counsel for Defendant (to the extent Defendant may have counsel), nor Defendant's representative, Ms. Safari. Undersigned counsel was in contact with an attorney for Defendant, who has not made a formal appearance in this case. The attorney was working to confirm the scope of his representation but has yet to do so. Accordingly, undersigned counsel did not want to contact an individual who may have legal counsel. At this time, Plaintiff is unsure whether Defendant opposes the requested relief, as Plaintiff is in a holding pattern due to not being able to confirm whether Defendant has representation or if undersigned counsel may communicate with Defendant.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order: (a) striking the Case Management Submission; (b) striking the Answer; (c) requiring Defendant (through counsel) to file its response to the Complaint within seven (7) days thereof; (d) staying the dates for the status conference and joint status report; and, (e) for such further relief as the Court deems proper.

DATED:  May 30, 2024.    **COPYCAT LEGAL PLLC**


By: <u>/s/ Lauren M. Hausman_____</u>
     LAUREN M. HAUSMAN
     Attorney for Plaintiff
     Tim Laman

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on May 30, 2024, the foregoing document was served via US Mail to Safarika Travel, Inc., c/o Katrina Safari, 2522 Promontory Cir, San Ramon, CA 94583 and via electronic mail to info@safarikatravel.com.

By: /s/ Lauren M. Hausman

Lauren M. Hausman